IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FOSTER L. EVERETTE,

         **Petitioner,**

  v.                          CASE NO. 24-3217-JWL

DAN SCHNURR,

         **Respondent.**

### MEMORANDUM AND ORDER

  This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Petitioner and state prisoner Foster L. Everette, who is incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. (Doc. 1.) It comes before the Court on Petitioner's motion to appoint counsel. (Doc. 4.)

  Generally speaking, Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

The Court concludes that it is not in the interest of justice to appoint counsel in this matter. It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The form motion to appoint counsel Petitioner has submitted is missing the final two pages and thus may not include all of the information Petitioner intended to submit. Yet Petitioner has ably articulated his habeas claims in this matter and his arguments therein do not appear to need additional investigation at this time and are not of unusual complexity. The Court has considered the information before it and will deny the motion without prejudice.

The Court also has completed reviewing the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court finds that:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. Petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas with respect to the arguments made in his petition.

**IT IS THEREFORE ORDERED**

1. That the motion to appoint counsel (Doc. 4) is **denied without prejudice**.

2. That pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an answer on or before **February 12, 2025** showing why the writ should not be granted based on the arguments in the petition and attachments thereto.

3. That the answer should address:

    a. The necessity for an evidentiary hearing on either of the grounds alleged in

    Petitioner's pleading;

    b.  Whether the arguments in the petition are barred by a statute of limitations or any other procedural bar; and

    c.  An analysis of the grounds in the petition and any cases and supporting documents relied upon by Respondent in opposition to the same.

Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner. If a direct appeal of the judgment and sentence of the trial court was taken by Petitioner, Respondent shall furnish the records, or copies thereof, of the appeal proceedings and any subsequent postconviction proceedings.

4. That upon the termination of the proceedings herein, the clerk of this Court will return to the clerk of the proper state court all state court records and transcripts.

5. That Petitioner be granted to and including **March 12, 2025** to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

6. That the clerk of this Court then return this file to the undersigned for such other and further proceedings as may be appropriate; and that the clerk of this Court transmit copies of this order to Petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:   This 11th day of December, 2024, at Kansas City, Kansas.

                              S/ John W. Lungstrum
                              JOHN W. LUNGSTRUM
                              United States District Judge